

SETH R. GASSMAN   1700 K Street, NW
Suite 650
Washington, DC 20006

(202) 540-7200 Direct
202-540-7200 Main
202-540-7201 fax

sgassman@hausfeld.com

April 6, 2015

**Via ECF**

The Honorable Margo K. Brodie
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Triple Cities Acquisition, LLC d/b/a Cook Brothers Truck Parts v. Espar Inc. et al.,* No.15-cv-1343 (MKB) (VMS)
            **Request for Reassignment of Action to Hon. John Gleeson**

Dear Judge Brodie:

Plaintiff Triple Cities Acquisition, LLC d/b/a Cook Brothers Truck Parts ("Triple Cities"), respectfully requests that the Court reassign its case to Hon. John Gleeson, who is presiding over the criminal matter against Defendant Espar Inc. involving identical legal and factual allegations.

Under Local Rule 1.6, Plaintiffs have a "continuing duty . . . to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort."

Triple Cities previously filed a Notice of Related Case regarding both the criminal proceeding against Espar, pending before Judge Gleeson, and *Raccoon Valley Transport, Inc. et al v. Espar Inc. et al.* ("*Raccoon Valley*"), which was originally assigned to Judge Block.[1] Subsequent to the filing of the Notice of Related Case, an additional related case was filed, *Regional International Corp. on behalf of itself and all others similarly situated v. Espar Inc.*, *et al.* No. 15-cv-1798 (E.D.N.Y.), which has been assigned to Judge Sandra L. Townes. Plaintiffs in *Raccoon Valley* recently filed a letter requesting reassignment to Judge Gleeson for the same reasons provided herein,[2] and that case was subsequently reassigned by order of Chief Judge Carol Bagley Amon.[3]

---

      [1] *See* Notice of Related Case (ECF No. 5), *Triple Cities Acquisition LLC v. Espar, Inc. et al.*, No. 15-cv-1343 (E.D.N.Y. Mar. 17, 2015).
      [2] Letter Request for Reassignment (ECF No. 6), *Raccoon Valley*, No. 15-cv-1338 (JG) (JO) (E.D.N.Y. Mar. 18, 2015).
      [3] Order Reassigning Case, No. 15-cv-1338 (E.D.N.Y. Mar. 18, 2015).



PAGE 2
April 6, 2015

## I. INTRODUCTION

Plaintiff seeks to represent a proposed class of direct purchasers of parking heaters and heater accessories who were injured by the conspiracy among Defendant Espar Inc. ("Espar") and its unnamed co-conspirators to fix prices for parking heaters and accessories sold in the aftermarket for use in commercial vehicles from October 1, 2007 through December 31, 2012.

On March 12, 2015, Defendant Espar entered into a plea agreement with the United States in *U.S. v. Espar*, *Inc.,* Case No. 15-cr-0028 (E.D.N.Y.) (JG) (JO), agreeing to plead guilty to criminal violations of the Sherman Act in connection with its sale of parking heaters in the United States and elsewhere. This criminal matter was assigned to Judge Gleeson. Plaintiffs' civil case, however, was assigned to Your Honor.

Given the factual and legal identity between Plaintiff's action and the *U.S. v. Espar* matter, as well as the ongoing investigations into the parking heater industry and the conspiracy by the U.S. Department of Justice, Plaintiff respectfully requests that its case be reassigned to Judge Gleeson to promote the interests of justice and efficient disposition of this action.

## II. BACKGROUND OF ACTIONS

On January 26, 2015, the United States filed a notice of intent to proceed under Fed. R. Crim. P. 7(b) as to Espar, and the case was assigned to Judge John Gleeson.[4] On March 12, 2015, the United States and Espar entered into a plea agreement, under which Espar pled guilty to participating "in a combination and conspiracy to suppress and eliminate competition in the sale of parking heaters for commercial vehicles in the aftermarket by agreeing to fix, stabilize and maintain prices of parking heaters, sold to aftermarket customers in the United States…from at least as early as October 1, 2007 though at least December 31, 2012, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1."[5] The plea agreement indicated potential future criminal indictments and an ongoing investigation into the conspiracy given the agreement's requirement that Espar will "cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of parking heaters to customers in the United States . . . ."[6]

While Espar's plea agreement called for the United States and Espar to recommend jointly a criminal fine of $14.9 million, the agreement did not provide include restitution to the

---

[4] Notice of Intent to Proceed (ECF No. 1), *United States v. Espar, Inc.*, No. 15-cr-28 (E.D.N.Y. Jan. 26, 2015).

[5] Plea Agreement (ECF No. 16) ¶ 4(d), *United States v. Espar, Inc.*, No. 15-cr-28 (E.D.N.Y. Mar. 12, 2015).

[6] *Id.* ¶ 13.



PAGE 3
April 6, 2015

conspiracy's victims. Because the conduct by Espar and its co-conspirators violated Section 1 of the federal Sherman Act, 15 U.S.C. § 1, and did not provide for restitution, on March 16, 2015, Plaintiff filed its Complaint for civil damages on behalf of itself and a class of direct purchasers, which is premised on and alleges the same conduct for which Espar has pleaded guilty and for which Plaintiff is seeking damages.[7] Plaintiffs Raccoon Valley Transport, Inc. and Regional Valley Corp. both purport to represent a class or classes of indirect purchasers, but base the allegations in each of their respective cases on the same claims that Plaintiff Triple Cities bring against the Defendants here.

**III. THE COURT SHOULD REASSIGN PLAINTIFFS' CASE TO JUDGE GLEESON**

Because, like *Raccoon Valley*, Plaintiff's action is substantially related to the criminal matter in that it involves similar factual and legal issues and arises from the same transactions and events, Plaintiff, respectfully requests that its case be reassigned to Judge Gleeson in order to avoid unnecessary duplication of judicial effort and to promote the interests of justice and efficient disposition of the Court's business.

Sincerely,

*/s/ Seth R. Gassman*
Seth R. Gassman

---

[7] *See* Complaint (ECF No. 1) ¶¶ 3-5, 43-46, 65, *Triple Cities Acquisition LLC v. Espar, Inc. et al.*, No. 15-cv-1343 (E.D.N.Y. Mar. 16, 2015) (citing Information (ECF No. 13), *U.S. v. Espar, Inc.*, No. 15-cr-28 (E.D.N.Y. Mar. 12, 2015)).