UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ESPAR ANTITRUST LITIGATION<br><br>This Document Applies to:<br>*All Actions* | No. 15-MC-940 (JG) (JO) |

**STATUS REPORT**

Pursuant to the Court's May 22, 2015 Order (No. 15-cv-1343-JG-JO, ECF No. 27), Triple Cities Acquisition, LLC d/b/a Cook Brothers Truck Parts ("Triple Cities") hereby submits the following status report concerning a leadership structure for the Direct Purchaser Plaintiffs ("DPPs").

As of the May 22, 2015 status conference, each of the DPP Plaintiffs who had filed a case—Triple Cities, National Trucking Financial Reclamation Services, and Trailer Craft Inc.— had also filed motions seeking appointment of their counsel as interim lead counsel for the DPP class.[1] On June 3, 2015, Plaintiff Guay Brothers Co., Inc. filed a complaint on behalf of itself and a class of direct purchasers (No. 15-cv-3225), which was assigned to the Honorable John Gleeson.

DPP counsel in all four cases have conferred regarding a leadership structure for the DPP class. While all four DPP counsel are amenable to having a four-member Executive Committee (subject, of course, to whatever alternative structure the Court should decide upon), Triple Cities

---

[1] *See* Motion Appointment of Interim Lead Counsel for DPPs (ECF No. 9), *Trailer Craft Inc. v. Espar Inc.,* No. 15-cv-2411 (E.D.N.Y. May 18, 2015); Motion to Appoint Counsel (ECF No. 14), *Triple Cities Acquisition, LLC v. Espar, Inc.*, No. 15-cv-1343 (E.D.N.Y. Apr. 22, 2015); Motion to Consolidate and for Appointment of Counsel (ECF No. 10), *Nat'l Trucking Fin. Reclamation Servs., LLC v. Espar Inc.*, No. 15-cv-2310 (E.D.N.Y. Apr. 28, 2015).

1

believes that an Executive Committee Chair is also necessary to ensure the efficient prosecution of this litigation on the DPPs' behalf. Such a structure would be inclusive while simultaneously providing a single firm to interact with the Court and otherwise coordinate the litigation as the case advances. The Chair of the Executive Committee would have the responsibility to oversee the litigation, including any subsequent related or tag-along cases, on behalf of the DPPs. Any agreements entered into by the Chair with defendants or their counsel would be binding on all DPPs. A similar structure was utilized in "Case Management Order No. 1" (Dkt. No. 33) in *In re Optical Disk Drive Prods. Antitrust Litig.*, No. M:10-2143 VRW (N.D. Cal.), attached hereto as Exhibit 1. Triple Cities therefore requests that the Court decide, if it chooses to accept an Executive Committee for the DPPs: (a) whether there should be a Chair of that committee, (b) what responsibilities it should have, and (c) which firm or firms should occupy that position.

For the reasons stated in Triple Cities' Motion to Appoint Interim Lead Counsel, incorporated herein by reference, Triple Cities respectfully requests that its counsel, Hausfeld LLP ("Hausfeld"), be appointed Chair of the Executive Committee. Hausfeld not only meets all of the necessary criteria for leadership under Federal Rule of Civil Procedure 23(g), but is also in the strongest position of the DPP counsel to be the Executive Committee Chair here. Hausfeld has taken the lead in this case since inception, filing the first direct purchaser action. After Triple Cities received a potential victim letter from the Department of Justice on February 10, 2015, Hausfeld thoroughly investigated the case prior to filing the first DPP complaint on Triple Cities' behalf. Hausfeld also has a long history of working inclusively with other firms, including many

of the other DPP counsel, and is committed to doing the same here. Hausfeld, therefore, is well-positioned to serve as Executive Committee Chair.[2]

Dated:  June 5, 2015                                Respectfully submitted,

                                                    */s/ Michael D. Hausfeld*
                                                    Michael D. Hausfeld
                                                    Seth R. Gassman
                                                    HAUSFELD LLP
                                                    1700 K St. NW, Suite 650
                                                    Washington, D.C. 20006
                                                    Telephone: (202) 540-7200
                                                    Facsimile: (202) 540-7201
                                                    Email: mhausfeld@hausfeld.com
                                                    Email: sgassman@hausfeld.com

                                                    Bonny E. Sweeney
                                                    HAUSFELD LLP
                                                    600 Montgomery Street
                                                    Suite 3200
                                                    San Francisco, CA 94111
                                                    Telephone: (415) 633-1908
                                                    Facsimile: (415) 358-4980
                                                    Email: bsweeney@hausfeld.com

                                                    *Counsel for Direct Purchaser Plaintiff Triple Cities Acquisition LLC*

---

[2] The Court issued an Order on the morning of June 5, 2015 scheduling both the status conference and a briefing schedule related to lead counsel for the indirect purchaser plaintiffs. Should the Court determine that further briefing is necessary to resolve the leadership issue for the DPPs, Triple Cities requests that the same briefing schedule apply to the DPPs as the one that applies the indirect purchaser plaintiffs. Triple Cities also requests that the same conference schedule contemplated in the indirect purchaser actions, with the first conference to be held on August 7, 2015 with quarterly conferences thereafter, also apply to the direct purchaser actions.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | MDL DOCKET NO M:10-2143 VRW |
| | ALL CASES |

CASE MANAGEMENT ORDER No 1

(1)     This order shall govern the practice and procedure in those actions filed in, removed to and transferred by the Judicial Panel on Multidistrict Litigation pursuant to its order of April 2, 2010 to this district and related as part of the above-entitled litigation. See Attachment A. This order shall also govern the practice and

procedure in any tag-along actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the clerk of this court and any related actions subsequently filed in this court or otherwise transferred or removed to this court.

(2) The actions described in paragraph 1 of this order are coordinated for pretrial purposes.

(3) The actions shall be placed in one or the other of two groups of cases: (a) Direct purchaser cases shall be those cases involving claims against defendants by plaintiffs that allegedly purchased products from defendants; and (b) Indirect purchaser cases shall be all other cases.  See Attachment A.

(4) A signed original of any pleading or paper shall be e-filed; no copies will be necessary.  All papers filed in these actions shall bear the identification "MDL Docket No M 10-2143 VRW" and when such paper relates to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES."  If the pleading or paper relates to all direct purchaser cases, the MDL docket number shall be followed by the notation "DIRECT PURCHASER CASES"; if the pleading or paper relates to all indirect purchaser cases, the MDL docket number shall be followed by the notation "INDIRECT PURCHASER CASES."  If such pleading or paper does not relate to all of these

2

actions or all direct purchaser or indirect purchaser cases the individual docket numbers assigned by the clerk of this court of those actions to which the paper relates shall also be listed. If such paper relates to five or fewer actions the abbreviated caption of each of the actions may be listed opposite its number.

(5) Any paper which is to be filed in any of these actions shall be filed with the clerk of this court and not with the transferor district court.

(6) Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this court.

(7) Any attorney who wishes to have his or her name added to or deleted from the service list may do so upon request to the clerk of this court with notice to all other persons on such service list. Service shall be deemed sufficient if made upon all attorneys.

(8) Upon remand of any of these actions, the parties will be required to provide to this court copies of any necessary and relevant papers previously filed.

(9) Hearings shall not be held on any motions filed except by order of court upon such notice as the court may direct.

(10) Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it

3

incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

(11) Any orders including protective orders previously entered by this court or any transferor district court shall remain in full force and effect unless modified by this court upon application.

(12) The court will be guided by the Manual for Complex Litigation, Fourth, and counsel are directed to familiarize themselves with that publication.

(13) Having considered the comments and proposals of the parties presented at the initial conference held on May 6, 2010, the court, pursuant to the agreement of all direct purchaser plaintiffs' counsel, ORDERS:

There shall be a Committee of Direct Purchaser Plaintiffs' Counsel and its members shall be comprised of the following firms: Berman DeValerio; Cotchett Pitre & McCarthy; Hausfeld LLP; Kaplan Fox & Kilsheimer LLP; Lieff Cabraser Heimann & Bernstein, LLP: Pearson, Simon, Warshaw & Penny, LLP; and Saveri & Saveri, Inc.

The Committee shall be chaired by:

Guido Saveri (Cal State Bar No 22349), Saveri & Saveri, Inc, 706 Sansome St, San Francisco, CA 94111
(415)217-6810

//

//

4

> The Chairman of the Committee shall have the responsibility to oversee the litigation, including any subsequent related or tag-along cases, on behalf of the direct purchaser plaintiffs. Any agreements entered into by the Chairman of the Committee with defendants or their counsel shall be binding on all direct purchaser plaintiffs. The Chairman and his office shall have the following administrative responsibilities:
>
> To receive orders, notices, correspondence, and telephone calls from the court on behalf of all direct purchaser plaintiffs, and shall be responsible for preparing and distributing the same to all direct purchaser plaintiffs' counsel upon direction from the court;
>
> To collect funds from direct purchaser plaintiffs' counsel as needed to defray the common costs incurred in the prosecution of this litigation;
>
> To require and collect from direct purchaser plaintiffs' counsel periodic reporting of their time and expenses incurred in the litigation;
>
> To maintain and distribute a master service list of all parties and their respective counsel;
>
> To perform such other duties and undertake such other responsibilities as deemed necessary or desirable in connection with the prosecution of the litigation;
>
> To coordinate the efficient work of the Committee of Direct Purchaser Plaintiffs' Counsel on all aspects of the litigation;

5

> To organize and develop a plan for conducting the litigation on behalf of all direct purchaser plaintiffs, assigning tasks among direct purchaser plaintiffs' counsel, and to call and conduct meetings of the Committee, as needed, to conduct effectively the litigation;
>
> To consult with and employ experts and consultants;
>
> To coordinate the briefing and argument of motions and preparation, service and filing of opposing briefs in proceedings initiated by other parties;
>
> To coordinate the initiation and conduct of discovery proceedings, including, but not limited to, the preparation of joint written interrogatories and requests for the production of documents;
>
> To coordinate the selection of counsel to act as spokesperson(s) at any hearings or pretrial conferences; and
>
> To appoint Joseph M Alioto as Special Trial Counsel for the direct purchaser plaintiffs and delineate his responsibilities.

(14) In order to make discovery less costly and burdensome, counsel are directed to appoint discovery coordinators to handle discovery pertaining to all direct purchaser plaintiffs and defendants or discovery substantially the same for all direct purchaser plaintiffs or defendants.

//

        The Committee of Direct Purchaser Plaintiffs' Counsel shall appoint one, and only one, attorney to coordinate all discovery undertaken by plaintiffs or sought from plaintiffs and that one attorney ("Plaintiffs' Discovery Coordinator") shall have sole responsibility and authority to bring a discovery matter to the attention of the court and shall do so <u>only</u> by a telephone call to the courtroom deputy clerk, Cora Delfin Klein at (415) 522-2039 or by e-mail to her.

        Similarly, defendants' counsel shall appoint one, and only one, of their number as "Defendants' Discovery Coordinator," who shall have sole responsibility and authority to bring a discovery matter to the attention of the court if the discovery is undertaken on behalf of all direct purchaser defendants or is sought from all direct purchaser defendants, or if the discovery is substantially identical to that directed to all direct purchaser defendants, and shall do so <u>only</u> by a telephone call to the courtroom deputy clerk, Cora Delfin Klein at (415)522-2039 or by e-mail to her.

(15)    As set forth by the court at the May 6 hearing: Supplemental briefing regarding attorneys' fees proposals from indirect plaintiffs' counsel are due on or before May 13, 2010. Following submission of the fee proposals, the court anticipates filing a case management order for the indirect purchaser cases similar in form and substance to this order.

7

The government's anticipated motion to stay these proceedings shall be heard on June 24, 2010 at 10am.

Direct purchaser plaintiffs shall file their consolidated complaint on or before August 5, 2010.

A FRCP 26(f) conference shall take place on or before August 19, 2010 at 3:30pm.

Initial disclosures pursuant to FRCP 26(a) shall be made on or before September 2, 2010.

A further case management conference shall be held on September 16, 2010. Counsel shall furnish suggestions for items to be included on the agenda for this conference on or before September 10.

IT IS SO ORDERED

*[signature]*

VAUGHN R WALKER
United States District Chief Judge

8

# APPENDIX A

(Cases listed by plaintiff's name and case number)

### DIRECT PURCHASER ACTIONS:

**CMP Consulting Services**, C09-5114 VRW

**Diana Saed**, C10-1619 VRW

**Amber Nikkel**, C09-5135 VRW

**Univisions-Crimson Holding, Inc**, C09-5186 VRW

**KI, Inc**, C09-5197 VRW

**JLK Systems Group, Inc**, C10-0076 VRW

**L E Hoover Co**, C10-0378 VRW

**Rokas Beresniovas**, C10-0453 VRW

**Patrick Keyes**, C10-0676 VRW

**Gregory Starrett**, C10-0682 VRW

**Prisco Elec Co, Inc**, C10-0782 VRW

**Tech Dept of La Mesa and Heather Tremblay**, C10-0874 VRW

**Matthew Slavin**, C10-1291 VRW

**Warren Herman**, C10-1362 VRW

**Alec Berezin**, C10-1533 VRW

**The Stereo Shop**, C10-1603 VRW

//
//
//
//
//
//
//

9

**INDIRECT PURCHASER ACTIONS:**

<u>Christopher Johnson, et al</u>, 10-0507 VRW

<u>Michael's Co</u>, CV 10-1386 JCS

<u>Bay Area Sys, LLC</u>, C10-1403 EDL

<u>David Carney, Jr</u>, C10-1406 VRW

<u>Alireza Tabatabai</u>, C10-1450 VRW

<u>Aaron Wagner</u>, C10-1451 VRW

<u>James P Ito-Adler</u>, C10-1684 JL

<u>Mary Jane Garland et al</u>, C10-1703 EDL

<u>Cullen Byrne</u>, C10-1722 MEJ

<u>Tom Daley</u>, C10-1727 JL

<u>Ann Carney et al</u>, C10-1738 VRW

<u>Don Cheung</u>, C10-1794 RS

<u>Tina Corse</u>, C10-1834 EDL

<u>Gregory Sinigiani</u>, C10-1847 JCS

<u>Scott Friedson et al</u>, C10-1574 EDL